08-5333-ag
Ali v. Holder

BIA
DeFonzo, IJ
A076 090 364
A095 961 808

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges*.

────────────────────────────────────

LIAQAT ALI, ADEEL LIAQAT,
> *Petitioners*,

v.                                    08-5333-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent*.

────────────────────────────────────

───────────────

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONERS:        **Khaghendra Gharti-Chhetry, New York, New York.**

FOR RESPONDENT:        **Tony West, Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Annette M. Wietecha, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Liaqat Ali and his son Adeel Liaqat, natives and citizens of Pakistan, seek review of an October 3, 2008 order of the BIA denying their motion to reopen and to reconsider. *In re Liaqat Ali,* Nos. A076 090 364, A095 961 808 (B.I.A. Oct. 3, 2008). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). In applying this standard, we assume the parties' familiarity with the underlying facts and procedural history in this case.

An alien seeking to reopen proceedings must file a motion to reopen no later than 90 days after the final administrative decision is rendered in his case. *See* 8

2

C.F.R. § 1003.2(c)(2). There is no dispute that petitioners' motion was filed more than 90 days after their order of removal became final. Such untimely filing may be excused where an alien presents material and previously unavailable evidence of changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). We detect no abuse of discretion in the BIA's determination that petitioners failed to meet this standard because the evidence they presented was insufficient to rebut the adverse credibility finding affirmed in its prior order. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007); *Kaur*, 413 F.3d at 234. Further, even if we were to assume that the BIA ignored the 2007 U.S. State Department report submitted to it by the government, which we do not, *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting that "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"), the report does not demonstrate that conditions have worsened for members of the Pakistani Muslim League.

There are no exceptions from the rule that a motion to reconsider must be filed within 30 days of the mailing of the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(2). We identify no abuse of discretion in the BIA's denial of

petitioners' untimely motion to reconsider, or in its conclusion that, even if their motion had been timely filed, petitioners failed to specify errors of fact or law in its prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). As the BIA noted, it had previously rejected petitioners' argument that Liaqat Ali's medication had an impact on his ability to testify credibly. *See Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4